IN THE UNITED STATES BANKRUPTCY COURT FOR THE
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE:   KELLY PULTZ | * | Case No. 06-16634 |
|    f/k/a KELLY A. WHITIS | | |
|    Debtor | * | Chapter 13 |

\* \* \* \* \* \* \*

KELLY PULTZ
f/k/a KELLY A. WHITIS
    Plaintiff
                                          *      Adversary No.

v.
                                            *

NOVASTAR MORTGAGE, INC.
                                            *

    Defendant(s)

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT SEEKING DAMAGES IN CORE ADVERSARY PROCEEDING

### Introduction

1. This action filed by the debtor seeks redress for actual and punitive damages for violations of Section 362 of the U.S. Bankruptcy Code, the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692, and the Maryland Consumer Debt Collection Act, Section 14-201 et seq. of the Commercial Law Article of the Code of Maryland.

2. This action is also filed to enforce the Automatic Stay duly entered in this Chapter 13 case, the Order of Confirmation duly entered in this case, and to enforce and to implement other Bankruptcy Code provisions and Rules related thereto.

### Jurisdiction and Venue

3. This Court has both personal and subject matter jurisdiction over this matter pursuant to §1334 of Title 28 United States Code and §157(b)(2) of Title 28 in the United States Code

4. This matter is a core proceeding and therefore the Bankruptcy Court has

1

jurisdiction to enter a final order. However, in the event this case is determined to be a non-core proceeding then and in that event the Plaintiff consents to the entry of a final order by the Bankruptcy Judge.

5. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

## Parties

6. The Plaintiff in this case is a debtor under Chapter 13 in case No. 06-16634, which case is presently pending before this court.

7. The Defendant, Novastar Mortgage, Inc., (hereinafter "Novastar"), is a corporation organized in the Commonwealth of Virginia with its principal place of business located at 8699 Butterfield Avenue, Richmond, VA 23229.

## Facts

8. This case was commenced by the filing of a petition with the Clerk of this Court on October 24, 2006.

9. In Schedule D of the documents filed with the petition, Novastar, the mortgage holder of real property located at 702 West Edgewood Avenue, Indianapolis, Indiana, was listed as a creditor related to account number 00006481494 and received notice from this Court.

10. The Chapter 13 plan indicated that the property secured by a lien to Novastar was going to be surrendered.

11. A copy of the plan and a notice of bankruptcy was mailed by this Court to Novastar on October 27, 2006.    The court notice stated,

> Prohibited collection actions are listed in Bankruptcy Code §362. Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment…."

12. The Defendant filed sworn proof of claim No. 4 in the amount of $118,123.46 for the pre-petition arrears in the amount of $4,931.27 on November 1, 2006.

13. The 341(a) meeting of creditors was held in Baltimore, Maryland on December 12, 2006.

14. Attesting to the knowledge of the defendant of this action, on February 23, 2007, the Defendant filed a Motion for Relief on the Indianapolis property. This motion was filed by Maryland counsel Deborah Curran. The Order was granted on March 19, 2007, a copy of which was mailed to the Defendant by this Court on March 21, 2007.

15. Prior to confirmation of the plan, Novastar turned Plaintiff's account over to a different attorney, Burke Costanza & Cuppy, LLP, who on April 11, 2007 sent Plaintiff a letter, a copy of which is attached as Exhibit 1, attempting to collect $130,068.79 and stating:

"…our client has accelerated all sums due and owing.  This means that the entire principal balance and all other sums recoverable under the terms of the note and mortgage are now due and owing."

16. The Chapter 13 plan was subsequently confirmed by Order of this Court on April 11, 2007.

17. On April 13, 2007, this Court mailed Defendant a copy of the Order confirming the plan.

18. On April 17, 2007, Plaintiff's counsel faxed Burke Costanza & Cuppy advising them of Plaintiff's bankruptcy.  Burke et al acknowledged receipt of the fax and indicated that "based upon the fact that the debtors surrendered the property, we will move forward with foreclosure proceedings on an In-Rem basis."

19. Defendant has continued to attempt to collect this obligation from Plaintiff

despite have multiple notices from this court, despite employing two law firms who were aware of the bankruptcy, and despite having filed a motion for relief and proof of claim.

20. In April, 2007, Plaintiff received a loan statement, a copy of which is attached as Exhibit 2, stating "Payment(s) Due 8/1/06-5/1/07, Overdue Payments $13,028.92, and Unpaid Late Charges $515.85.

21. On April 26, 2007, "Ross" from the Solutions Department of Novastar left a message on Plaintiff's answering machine asking what her intentions were regarding the property.

22. On April 30, 2007, another message was left on Plaintiff's answering machine by Novastar from "Specific Solutions" as to what her plans were regarding the property.

23. Another message from Ross was left May 3, 2007. He said he was calling to "discuss" her loan and requested a call back.

24. On May 16, 2007, Novastar called again and left a message with Plaintiff's terminally ill daughter for Plaintiff to return the call.

25. The Plaintiff alleges, through information and belief, that the Defendant has received multiple notices of her bankruptcy filing.

26. Plaintiff alleges, through information and belief, that the Defendant has employed two different law firms, both of whom were made aware of the bankruptcy.

27. The Plaintiff alleges, through information and belief, that the Defendant is in willful violation of the automatic stay.

28. The Plaintiff has suffered anxiety and emotional distress as a result of these on-going collection attempts by the Defendant.

29. The Plaintiff has incurred legal expenses in the prosecuting of this lawsuit.

**First Claim - Violation of the Automatic Stay**

30. The allegations of paragraphs 1-29 are realleged and incorporated herein by reference.

31. The Plaintiff is informed and believe and therefore allege that the actions of Action Card constitute a gross violation of the automatic stay as set forth in 11 U.S.C.

32. As a result of the above violations of 11 U.S.C. Section 362, the Defendant is liable to the Plaintiff for actual damages, punitive damages and legal fees in an amount to be determined by this Court.

**Second Claim - Violation of the Fair Debt Collection Practices Act**

33. The allegations of paragraphs 1-32 above are realleged and incorporated herein by reference.

34. The foregoing acts and omissions by the Defendant constitute a violation of the FDCPA, which includes, but is not limited to 15 U.S.C. Section 1692f(1) by collecting or attempting to collect amounts not permitted by law and by otherwise using unfair and unconscionable methods.

35. The Plaintiff is therefore entitled to an award of statutory damages of and legal fees pursuant to 11 U.S.C. Section 1692k.

**Third Claim - Violation of the Maryland Consumer Debt Collection Act**

36. The allegations of paragraphs 1-35 above are realleged and incorporated herein by reference.

37. The foregoing acts and omissions by the Defendant constitute a violation

of Section 14-201 et seq. of the Commercial Law Article of the Code of Maryland by collecting or attempting to collect amounts not permitted by law and by otherwise using unfair and unconscionable methods.

38. The Plaintiff is therefore entitled to an award of damages of and legal fees pursuant to Section 14-201 et seq. of the Commercial Law Article of the Code of Maryland.

WHEREFORE, the Plaintiff having set forth her claim for relief against the Defendant respectfully prays of the Court as follows:

A. That the Plaintiff has and recovers against the Defendant a sum to be determined by the Court in the form of actual damages;

B. That the Plaintiff has and recovers against the Defendant a sum to be determined by the Court in the form of punitive damages;

C. That the Plaintiff has and recovers against the Defendant all reasonable legal fees and expenses incurred by their attorney;

D. That this Court order the Defendant to pay additional actual damages and statutory damages in a sum to be determined by the Court for violating the FDCPA pursuant to 15 U.S.C. Section 1692k;

E. That this Court order the Defendant to pay additional actual damages and statutory damages in a sum to be determine by the Court for violating the Maryland Consumer Debt Collection Act pursuant to Section 14-201 et seq.; and

F. That the Plaintiff has such other and further relief as the Court may deem just and proper.

Dated this 22nd day of May, 2007.

            Respectfully submitted,

            /s/ Andrew G. Wilson, II
            Andrew G. Wilson, II
            275 West Street, Suite 216
            Annapolis, Maryland 21401
            Attorney for Plaintiff/Debtor
            410-626-6111
            Andywilsonlaw@aol.com

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that, to the extent that the following persons were not served electronically via the CM/ECF system, I caused a copy of the pleading referenced above to be sent on this date, by first class mail, postage prepaid to the following:

Leo Standley
Bankruptcy Specialist
Novastar Mortgage, Inc.
PO Box 2900
Shawnee Mission, KS  66201

The Corporation Trust Incorporated
300 East Lombard Street
Baltimore, MD  21202
Resident Agent for Novastar Mortgage, Inc.

Deborah K. Curran, Esq.
8101 Sandy Spring Road, #302
Laurel, MD  20707

Burke Costanza & Cuppy, LLP
9191 Broadway
Merrillville, IN  46410

Dated: May 22, 2007          /s/ Andrew G. Wilson, II
                      Andrew G. Wilson, II